## Mary A. Colton v. E. P. Williams and G. A. Murdoch, Executors of J. R. Gordon.

1. STOCK—*In Corporations.*—A share of stock is a right which its owner has in the management, profits and ultimate assets of a corporation. The holder acquires the right to participate, according to the amount of his stock, in the management of the corporation, its dividends, and its assets remaining on a dissolution, after the payment of its debts.

2. SAME—*Title Created by Registry.*—The title to the stock is created by registry in the books of the corporation.

3. CERTIFICATE—*Not the Stock Itself.*—The certificate is not the stock itself, but only evidence of the ownership. It has value only as such evidence, and apart from the shares which it represents, it is worthless. It is not essential, and a registered stockholder may exercise all his privileges without it, and is subject to all his liabilities.

4. TRANSFER OF STOCK—*Delivery of Certificate not Essential.*—The delivery of the certificate is not essential to the transfer of the stock of a corporation.

5.  SAME—*What is Sufficient.*--A person inherited stock in a corporation from his wife, as her only heir; it was not transferred to him on the books, but he was treated in every respect as the owner. Upon his remarriage he gave it to his second wife, and as her name was the same as the first, no transfer was made of it on the books, but she was substituted by agreement for the first wife, as the person owning the shares of stock, and was subsequently so treated. *Held,* sufficient to vest the title in her.

**Administration of Estates.**—Petition to determine the ownership of stock in a corporation. Appeal from the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding. Heard in this court at the May term, 1895. Reversed and remanded with directions. Opinion filed June 1, 1896.

GEORGE A. LAWRENCE and E. N. WILLIAMS, attorneys for appellant.

THOMPSON & SHUMWAY, attorneys for appellees.

MR. PRESIDING JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

Appellees are executors of the last will and testament of Joshua R. Gordon, deceased, and as such filed their petition in the County Court of Knox County to determine the ownership of three shares of stock of the First National Bank of Galesburg, making appellant, who was widow of Joshua R. Gordon, and had married again after his death, defendant to the petition. The County Court decided that the stock was owned by appellant, and ordered it turned over to her, but on appeal the Circuit Court reversed that order, and held that it belonged to the executors.

The stock originally belonged to Mary A. Gordon, the first wife of Joshua R. Gordon. She was the registered owner on the books of the corporation, and the certificate of ownership was issued to her. She died in 1874, and he became entitled to the stock as her only heir, but it was never transferred to him on the books, and no certificate was issued to him. He receipted for dividends on the book of the corporation until the May dividend of 1888, when he came to the bank with his second wife, the appellant, and

told the president that he had given the stock to her; that it was her property, and that the bank officers should allow her to receipt for dividends. He had married appellant in 1882, and her name was Mary A. Gordon, the same as the first wife. The president suggested a transfer of the certificate; the surrender of the old one, and the issue of a new one in appellant's name; but the husband said that the name was the same, and the initials the same, and there was no necessity of a change. This was assented to, and appellant was recognized by the bank as owner, and receipted for the dividends until the death of her husband in 1891, except one dividend for which he receipted. After his death the stock certificate was found among his papers in the safe in his store.

The Circuit Court held, in passing upon propositions of law submitted, that a manual delivery of the certificate of stock or the equivalent of such delivery was essential to pass title to appellant, and that no title passed to her for want of such delivery.

A share of stock is defined to be a right which its owner has in the management, profits and ultimate assets of the corporation. Cook on Stock and Stockholders, Sec. 5. The shareholder acquires the right to participate, according to the amount of his stock, in the management of the corporation, its dividends, and its assets remaining on a dissolution after the payment of debts. The title to stock is created by registry in the books of the corporation. The certificate is not the stock itself, but only evidence of the ownership of the stock. It has value only as such evidence, and apart from the shares which it represents it is utterly worthless. It is not essential, and a registered stockholder may exercise all his privileges without it. He has power to transfer his stock, to receive dividends and to vote, and he is individually liable as a stockholder although without the usual voucher in the form of a certificate. Cook on Stock and Stockholders, Sec. 10; Beach on Private Corporations, Sec. 972.

In this case the parties to the transfer were living together as husband and wife, and the natural place of deposit of the

certificate was the iron safe in the store, whether the stock was owned by him or her. Whether the finding of the certificate in that place was sufficient to justify a conclusion that it had never been delivered, and overcome his statement that he had given the stock to her, we deem it needless to inquire, since the delivery of the certificate was not essential to the transfer. There is no question of rights of creditors, or conflicting interests of purchasers of stock from the same shareholder, and the corporation having assented to the transfer without the surrender of the voucher and recognized appellant as owner, we think that the title passed. The certificate was not in the name of Joshua R. Gordon, but in that of Mary A. Gordon. When he became the owner of the stock by inheritance the certificate was not surrendered or a new one issued to him, but he was recognized and treated as such owner for about fourteen years. When he gave the stock to the second Mary A. Gordon, the appellant, the title by registry in the books of the bank already stood in that name. If the title to stock could only pass by conveyance, the substitution of one Mary A. Gordon for another would not suffice for that purpose, but a conveyance was not essential to that end; and when it was agreed that appellant was the person designated by that name on the books as the stockholder, owning the shares given to her, and she was subsequently treated as such, we think it was sufficient.

The decree of the Circuit Court is reversed and the cause is remanded to that court, with directions to enter a decree finding said shares of stock to be the property of appellant, Mary A. Colton, formerly Mary A. Gordon, and confirming her title thereto. Reversed and remanded with directions.