## Lawrence T. Allen, Appellee, v. D. G. Williams et al., Appellants.

1. CORPORATIONS, § 139*—*what is not essential to transfer of title to stock.* The delivery of a certificate of stock is not necessary to transfer the title thereto.

2. EXECUTION, § 31*—*liability of shares of stock to.* Shares of stock stand in the same position as any other personal property liable to be seized and sold in satisfaction of a judgment.

3. EXECUTION, § 31*—*when shares of stock not transferred on books of corporation are not liable to.* Shares of corporate stock standing on the books of the corporation in the name of a debtor are not subject to execution on a judgment against the debtor, where they were previously assigned to another in payment of a debt and it is not shown that the assignee permitted the debtor

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to control the stock or use it in a way that might mislead creditors of the latter.

Appeal from the Circuit Court of Vermilion county; the Hon. Augustus A. Partlow, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed July 15, 1918.

Rearick & Meeks, for appellants.

J. B. Mann, for appellee.

Mr. Presiding Justice Eldredge delivered the opinion of the court.

On February 16, 1915, Nathan Bond, as receiver of the firm of Hamilton & Cunningham, procured a judgment on a promissory note against Charles A. Allen for the sum of $5,493.29. On the following day execution was issued and levied upon fifty shares of stock of the Illinois Cuban Land Company, a corporation organized under the laws of the State of Maine, as the property of Charles A. Allen and the same was advertised for sale. On March 9, 1915, Lawrence T. Allen, appellee, filed a bill to enjoin the sale of said stock. D. G. Williams, the sheriff, and Nathan Bond, the receiver, were made parties defendant. A temporary injunction was issued and, upon a hearing of the cause, the injunction was made permanent. Appellants seek by this appeal to have the decree reversed. The proofs show that the stock levied upon was in the name of Charles A. Allen upon the books of the company, but that no certificate therefor had ever been issued. The proofs also conclusively show that the stock was transferred to appellee by a written assignment from Charles A. Allen, dated January 20, 1915. Appellee was the son of Charles A. Allen, and it is also shown that he had made many advances of money aggregating a large amount to the latter and that it was in payment for these advances the stock in question was assigned to him.

116     APPELLATE COURTS OF ILLINOIS.

Danville Auburn Auto Co. v. Natl. Tr. & C. Co., 212 Ill. App. 116.

It is contended that because no certificate of this stock had been issued to appellee the creditors of Charles A. Allen had a right to levy thereon. The delivery of a certificate of stock is not necessary to transfer the title thereto. *Colton v. Williams*, 65 Ill. App. 466. The statute, while it makes shares of stock subject to levy under an execution against the stockholder, does not authorize the levy of the execution on stock not owned by the judgment debtor although it may stand in his name on the books of the corporation. Shares of stock stand in the same position as any other personal property liable to be seized and sold in satisfaction of a judgment. There is no evidence to show that appellee permitted his father to control the stock or to use it in a way that might mislead the creditors of the latter. Under these circumstances the stock of appellee is not subject to the levy of the execution issued on the judgment against his father. *Magerstadt v. Schaefer*, 213 Ill. 351. The decree of the Circuit Court is affirmed.

*Affirmed.*